## (July 10, 1975)

■ MORROW GRAGO, Appellant-Respondent, v JOHN T. ROBERTSON, Respondent-Appellant.—Cross appeals from an order of the Supreme Court at Special Term, entered March 12, 1973 in Madison County, which granted a motion by the defendant for summary judgment dismissing six out of eight causes of action. The plaintiff, Morrow Grago, is a subcontractor who entered into an agreement with Brydon Construction Corporation (hereinafter Brydon) in April of 1965 to perform certain site work and masonry work. Mr. Grago posted a performance bond issued by Transamerica Insurance Company. Following a dispute with Brydon, the plaintiff walked off the job. Brydon subsequently commenced a lawsuit in New York City against Mr. Grago for breach of contract. Mr. Grago then hired an attorney, the defendant John T. Robertson, for the alleged purpose of defending the suit commenced by Brydon and prosecuting Mr. Grago's claim for breach of contract. Mr. Robertson served an answer on behalf of Mr. Grago in the New York City lawsuit and included a counterclaim for breach of contract. He also commenced a lawsuit for breach of contract against Brydon in the Supreme Court of Madison County. That lawsuit was subsequently consolidated with the case in New York City. When the cases were reached for trial on April 6, 1970, Mr. Robertson, because of lack of notice, failed to appear on behalf of Mr. Grago and Brydon obtained a default judgment for $271,896 against Mr. Grago and for $51,814.54 against Transamerica Insurance Company, both judgments being entered on December 7, 1970. These default judgments were set aside on April 7, 1971. In November of 1971 Brydon's complaint against Mr. Grago was dismissed and Mr. Grago received a judgment of $37,162.75 against Brydon. The judgment remains unsatisfied since it is alleged that Brydon had become insolvent. On September 14, 1972 Mr. Grago commenced a malpractice action against Mr. Robertson alleging the following improper conduct: (1) Mr. Robertson failed to appear and thereby improperly allowed the default judgment to be taken; (2) Mr. Robertson failed to commence legal action against Brydon's bonding company; (3) Mr. Robertson failed to file a lien against the owner of the construction site; (4) Mr. Robertson failed to preserve Mr. Grago's interest pursuant to the Lien Law; (5) due to Mr. Robertson's omission, Mr. Grago was required to hire additional counsel and incurred superfluous legal expenses; (6) due to Mr. Robertson's omission with regard to Transamerica Insurance Company's legal interests, Mr. Grago incurred additional legal expenses on behalf of Transamerica; (7) Mr. Robertson breached his contract of legal representation; and (8) Mr. Robertson breached other contractual obligations to preserve a variety of Mr. Grago's legal interests. The defendant asserted that the plaintiff had not made out a prima facie case of malpractice or of breach of contract, that he had never been paid for any services rendered, that he had never been advised to file a lien, and that the Statute of Limitations barred the plaintiff's claims. The plaintiff moved for summary judgment, while the defendant sought to have all of the causes of action dismissed. The court held that the first and fifth causes of action should not be dismissed since factual determinations had to be made concerning whether the defendant's neglect constituted malpractice. He dismissed causes of action labeled two, three and four as being time-barred since the alleged malpractice occurred in 1965 and the court did not believe that the doctrine of continuous representation should be applied. The court also dismissed the sixth, seventh and eighth causes of action. Both parties have appealed from the court's determination. There are three central

issues in this case: (1) does cause of action No. 1 properly allege an action in malpractice, and do causes of action numbered 5 and 6 properly complement the first cause of action; (2) should causes of action labeled two, three and four be barred by the Statute of Limitations; and (3) were the seventh and eighth causes of action properly dismissed. It is clear that an attorney is liable in a malpractice action if it can be proved that his conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession *(Rapuzzi v Stetson,* 160 App Div 150; Prosser, Torts [3d ed], p 162). However, the attorney is not held to the rule of infallibility and is not liable for an honest mistake of judgment where the proper course is open to reasonable doubt *(id.).* Such determinations require factual findings. Thus, in *Siegel v Kranis* (29 AD2d 477, 479), it was acknowledged that an attorney may be liable for his ignorance of the rules of practice *(Von Wallhoffen v Newcombe,* 10 Hun 236), for his failure to comply with conditions precedent to suit (cf. *Sikora v Steinberg,* 40 Misc 2d 649, affd 20 AD2d 852), or for his neglect to prosecute or defend an action *(Hamilton v Dannenberg,* 239 App Div 155). It is, therefore, evident that the issue of whether specific conduct constitutes malpractice normally requires a factual determination to be made by the jury. In the present case, the court held that the issue of whether the defendant's "neglect could be construed as malpractice is a question of fact for the jury to determine". We agree. The court's failure to apply the doctrine of continuous representation regarding the second, third and fourth causes of action, however, appears to be improper. It is clear that the concept of continuous treatment concerning medical malpractice cases has been properly incorporated into the attorney malpractice area *(Gilbert Props. v Millstein,* 33 NY2d 857). Thus, the cause of action in an attorney malpractice case should not accrue until the attorney's representation concerning a particular transaction is terminated. In the present case, the plaintiff asserts three causes of action concerning alleged malpractice occurring in 1965. All of those causes of action concern the preservation of the plaintiff's legal interest with regard to his relationship with Brydon. Consequently, the causes of action should not be deemed to accrue until 1971 when the defendant's representation of the plaintiff with regard to the Brydon matter terminated. Since the malpractice cause of action was commenced in 1972, it should be held to be timely. Thus, the court's determination with respect to the second, third and fourth causes of action should be reversed. In the present case, the plaintiff's final two causes of action allege that a contract was executed by the parties and was breached by the defendant. It is clear from the pleadings that the alleged contract was made in 1965. Since there is no legal barrier to pleading both contract causes of action along with the malpractice causes of action *(Glens Falls Ins. Co. v Reynolds,* 3 AD2d 686), the court should not have dismissed the seventh and eighth causes of action. The defendant asserted, however, that even if there were a contract, a suit based on its breach would be untimely since the alleged breach occurred more than six years before the commencement of the present action. Such argument, though, lacks merit due to the application of the continuous representation doctrine (see *Gilbert Props. v Millstein, supra; Siegel v Kranis, supra).* The logic of the doctrine discussed previously is equally applicable to a cause of action alleging a breach of contract by an attorney. Consequently, the seventh and eighth causes of action similarly should not be deemed to accrue until the attorney-client relationship terminated in 1971. In that event, the final two causes of action are timely and should not have been dismissed. This court is not implying that the negligence of the defendant or his breach of the represen-

tation contract has been established or that the plaintiff is entitled to recover. Rather, this court is holding that the plaintiff has pleaded causes of action in malpractice and contract, and that the actions are not barred by the Statute of Limitations. Order modified, on the law and the facts, by reversing so much thereof as granted defendant's motion to dismiss the second, third, fourth, sixth, seventh and eighth causes of action; by striking so much of the fourth ordering paragraph as pertains to the measure of damages on the first cause of action, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.