OPINION OF THE COURT
Margaret Taylor, J.
This is an action to recover on two contracts of insurance. Defendants Bleichroeder and Alexander have moved to dismiss the amended complaint as against them on the ground that it is barred by the Statute of Limitations. Movants are licensed insurance brokers through whom plaintiff procured the insurance policies which are the subject of this action. They were added as parties by service of the amended complaint on July 3, 1980 on the theory that they failed to timely notify the codefendant insurance companies of the losses claimed by plaintiff and thus if the claim against the insurance companies is lost because of its untimeliness then the defendant brokers should be liable to plaintiff for their failure to act. Movants claim that the action as against them sounds in professional malpractice and thus is barred by the three-year Statute of Limitations contained in CPLR 214. Plaintiff argues that its claim sounds in breach of contract *688 and' is thus governed by the six-year Statute of Limitations, and that, in any event, defendant brokers’ relationship with plaintiff under the “continuous treatment” rule continued to within three years of service of the amended complaint upon them.
Whether the defendant brokers’ neglect could be construed as malpractice is a question of fact for the jury to determine. Similarly, whether or not a contractual relationship existed between the parties is a question which cannot, and need not, be determined on the papers before this court.
The question before this court is whether the continuous treatment rule which has been imported from the field of medical malpractice into attorney, accountant and, most recently, architect malpractice, should now be extended to insurance brokers. Under the circumstances of this case, it appears that the considerations responsible for the application of this rule to the above fields apply equally to the brokerage field.
Here, the theft upon which plaintiff’s claim is based occurred on November 1, 1976. Defendant brokers were timely notified but failed to notify the carriers until December 2, 1976. In January, 1978, the carriers disclaimed liability and this action was commenced as against them in August, 1978. In October, 1978, the carriers’ answer raising a defense of untimely notice was served and on July 3, 1980, the amended complaint adding the brokers as defendants was served.
Plaintiff contends, and defendants do not dispute that the broker continued to work with plaintiff, and on its behalf, to settle the claim, until at least January, 1978, the time at which the carriers disclaimed coverage. Plaintiff’s concern in dealing through the broker was preservation of its claim. Consequently, the causes of action should not be deemed to have accrued until January, 1978 when defendant brokers’ representation of plaintiff with regard to the claim terminated. (See, e.g., Grago v Robertson, 49 AD2d 645.) To hold otherwise would unjustly penalize plaintiff for its reliance on the representation by the brokerage firm on its behalf.
*689 This court is neither holding nor implying that the negligence of defendant brokers or any breach of a contractual relationship has been established or that plaintiff is entitled to recover. The sole issue before this court is whether a cause of action has been pleaded and whether that cause of action is barred by the Statute of Limitations. This court holds that plaintiff has set forth a cause of action and that it is not untimely.
Accordingly, the motion to dismiss is denied.