■ NORMAN KELLAR, Appellant, v WILLIAM H. CARNEY et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered September 24, 1981 in Ulster County, which denied plaintiff's motion for summary judgment. Plaintiff is an attorney at law, and in August of 1978 he was retained by defendants to try a tax certiorari case against the Town and Village of Catskill, New York. After this case was subsequently dismissed at a trial wherein the entire testimony of defendants' appraiser was struck from the record as hearsay, plaintiff submitted an itemized bill to defendants in late September of 1979 which they neglected to pay. As a result, on December 27, 1979, plaintiff instituted the present action on an account stated for professional services rendered, and defendants responded with, *inter alia,* a counterclaim alleging that plaintiff had been guilty of malpractice in that he had been negligent in pursuing the tax certiorari action. With these circumstances prevailing, plaintiff then moved for summary judgment on the grounds that there was no defense to the action on an account stated for professional services rendered and that the counterclaim did not state a cause of action in malpractice as a matter of law. Finding factual questions presented sufficient to defeat plaintiff's motion, Special Term denied him summary judgment, and plaintiff now appeals. We hold that the challenged order should be affirmed. In so ruling, we note that in their counterclaim, defendants alleged that they would have prevailed upon their underlying cause of action absent plaintiff's malpractice by asserting that the tax proceeding was dismissed and a recovery was lost because of plaintiff's negligence. It should further be emphasized that defendants supported their counterclaim with factual allegations regarding plaintiff's allegedly negligent preparation of the proof for their trial and not just with conclusory allegations, and that the cause of action on an account stated and the malpractice counterclaim are obviously closely intertwined. Given these particular circumstances, even though defendants did not actively object to the account stated during the three-month period from the time when the itemized bill was tendered until this action was commenced and also made a partial payment on account, we conclude that the court did not err in denying

plaintiff's motion for summary judgment (cf. *Parker Chapin Faltteau & Klimpl v Daelen Corp.,* 59 AD2d 375; see, also, *Grago v Robertson,* 49 AD2d 645). Lastly, while we do not argue with plaintiff's additional assertion that an opposing affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded on a motion for summary judgment, it is significant that in the present case, defendants relied not only upon an affidavit by their attorney but also upon an answer verified by defendant Blanche Carney wherein that defendant swore to the truth of the facts alleged in support of the subject counterclaim (see CPLR 3020, subd [a]). Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.