■ JOHN J. PEDUTO et al., Appellants, v RAYMOND M. DURR, Respondent. — Order and judgment unanimously modified and, as modified, affirmed, with costs to plaintiffs, in accordance with the following memorandum: In October, 1974, defendant attorney represented plaintiffs in the purchase of real property in Lewis County. It is alleged that defendant represented to plaintiffs that two certain parcels, the subject matter of this dispute were contiguous when, in fact, they were not. In September, 1979 plaintiffs contracted to sell the disputed parcels to James and Gloria Wagner (Wagners) upon the alleged representation that the parcels were contiguous. Defendant undertook to represent plaintiffs in this transaction and, in fact, also represented the Wagners. The transfer of the property was concluded by the recording of a deed from plaintiffs to the Wagners in October of 1979. Subsequently it was discovered that the two parcels conveyed by plaintiffs to the Wagners were not contiguous and efforts to resolve this dispute were undertaken. The record clearly indicates that defendant actively participated in these efforts on behalf of plaintiffs and the Wagners, and this representation continued until at least July 28, 1980 when he withdrew as attorney for both parties. In August, 1981 the Wagners sued plaintiffs for rescission and money damages. This action was ultimately compromised by the conveyance by plaintiffs to the Wagners of an additional 10 acres of land which those parties agreed had a value of $4,500.

Plaintiffs commenced the instant action alleging causes of action for negligent representation (malpractice) and breach of contract. Defendant moved to dismiss the complaint on the ground that the action was barred by the Statute of Limitations (CPLR 3211, subd [a], par 5). Special Term concluded that the case was governed by the Statute of Limitations applicable to malpractice (three years) rather than the six-year Statute of Limitations, and that the alleged act of malpractice occurred in 1974 and was thus time barred. The court further found, and we agree, that there was no continuous representation after the alleged 1974 malpractice which would effectively toll the Statute of Limitations. We also agree that plaintiffs have failed to state a cause of action for breach of contract and, thus, their second cause of action was properly dismissed. Thus, if the only negligence alleged was that which supposedly occurred in 1974, the complaint would be time barred. An examination of the complaint, however, reveals that plaintiffs have alleged a separate act of negligence which occurred in September and October, 1979, i.e., "[t]hat prior to the signing of the purchase offer defendant had advised plaintiffs that the 25 acres of land more or less consisted of adjoining parcels of land". Whether defendant actually did so advise plaintiffs is not now before us; on a motion to dismiss, the allegations in the complaint are assumed true (*Morone v Morone,* 50 NY2d 481, 484). Defendant's representation of plaintiffs continued until July, 1980 while defendant actively attempted a settlement. "Although the Statute of Limitations in a legal malpractice actions runs from the time of the alleged malpractice, an exception arises when the attorney continues to represent the client concerning the matter out of which the claim arises. In such a case, the statute begins to run from the date when the attorney's representation ends and not from the date of the alleged malpractice (*Gilbert Props. v Milstein,* 33 NY2d 857; *Grago v Robertson,* 49 AD2d 645; *Siegel v Kranis,* 29 AD2d 477; 1B Warren, Negligence, ch 15, Statute of Limitations, § 2.04, subd [2], par [a])" (*Citibank v Suthers,* 68 AD2d 790, 795). The application of the doctrine of continuous representation often reveals an on-going, continuous, developing and dependent relationship between the client and attorney, with the latter seeking to rectify an alleged act of malpractice (see *Muller v Sturman,* 79 AD2d 482, 485). Defendant's representation of plaintiff through July, 1980 concerned the very matter which the latter complains constituted negligent representation, and the instant action, commenced in November, 1982, was thus timely commenced. (Appeal from order and judgment of Supreme Court, Oneida County, Stone, J. — dismiss complaint.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.