OPINION OF THE COURT
Harry R. Brown, J.
In this small claims action, plaintiff, the driver of an automobile involved in a three-car accident, seeks to recover, on a theory of legal malpractice, the amounts he paid to settle actions for property damage to two of the vehicles. Defendant was the attorney for plaintiff in one phase of the litigation. A trial was held and the court reserved decision.
Plaintiff was the employee of an automobile service station. In the course of his duties, he operated a motor vehicle owned by a customer of his employer. As a result of a collision between the car plaintiff drove (car 2) and a car owned by the United States Government, in which both cars were damaged, a parked vehicle (car 1) was also damaged. Plaintiff’s uncontradicted testimony about the accident was that the operator of the Government vehicle passed through a stop signal and hit him.
*149 The insurer of car 1 sued plaintiff, the owner of car 2, and the United States Government in a subrogation action in Federal court. State Farm Insurance Company was the insurer of car 2 and, pursuant to its policy, was obligated to defend. It employed defendant as its attorney. The United States Government cross-claimed against plaintiff and the owner of car 2 for $1,000 in property damage to the Government vehicle.
Defendant negotiated a settlement of the Federal action, pursuant to which State Farm Insurance Company and the United States Government each paid $835 to the owner of car 1 for the damage to his vehicle. The United States Government released plaintiff and the owner of car 2 from all claims it had against them, including the $1,000 cross claim. Plaintiff and the owner of car 2 in turn released the United States Government from all claims they had against it. The insurer of car 1 also signed releases for all parties and the Federal litigation terminated. Although defendant signed the settlement as plaintiff’s attorney, plaintiff was not informed of the settlement until after it was signed.
Thereafter, State Farm sued plaintiff and his employer to recover the $835 it had paid pursuant to the settlement. State Farm was represented by defendant who, as noted earlier, was plaintiff’s attorney in the Federal suit. State Farm’s action was settled for $636, of which plaintiff paid $318. Plaintiff seeks to recover this $318 as the first part of his damages.
The owner of car 2 also sued plaintiff and his employer in an action unrelated to that brought by State Farm. The owner sought recovery for the damages to his own motor vehicle. This action also was settled, plaintiff paying $836 in damages and fees. Defendant was not involved in this litigation. Plaintiff’s attempts at obtaining contribution from the United States Government were barred by the release given in Federal court. Plaintiff now seeks to recover from the defendant the $836 he paid the owner of car 2 as the second part of his damages.
An action for legal malpractice requires proof of three essential elements: (1) negligence of the attorney; (2) that *150 the negligence was the proximate cause of the loss sustained; and (3) proof of actual damages (Mendoza v Schlossman, 87 AD2d 606, 607). The standard for evaluating the first element, negligence, is whether the attorney has exercised reasonable skill, care, attention and prudence in representing his client (Grago v Robertson, 49 AD2d 645, 646; NY Jur 2d, Interim Topics, Attorney and Client, §§ 59, 60; Attorney’s Liability for Negligence in Preparing or Conducting Litigation, Ann., 45 ALR2d 5, § 3). The Code of Professional Responsibility is instructive in evaluating an allegation of negligence. “[A]n attorney is duty bound to pursue his client’s interests diligently and vigorously within the limits of the law (Code of Professional Responsibility, canon 7)” (Greene v Greene, 47 NY2d 447, 451). Because interests of other clients should not be permitted to dilute the attorney’s loyalty (Code of Professional Responsibility, EC 5-1), an attorney should not represent multiple clients with potentially conflicting interests (Code of Professional Responsibility, EC 5-15).
Ordinarily, no conflict is involved in the situation in which an attorney is employed by the insurer to defend the insured and others by virtue of the terms of an automobile insurance policy (see Malpractice: Liability of Attorney Representing Conflicting Interests, Ann., 28 ALR3d 389, § 6). However, the attorney, although paid by the insurer, does owe “an undeviating and single allegiance” to those he represents (see American Employers Ins. Co. v Goble Aircraft Specialties, 205 Misc 1066, 1075). If the interests of the insurer and another client represented are or are likely to become diverse, the attorney should not continue the multiple representation unless the clients consent following full disclosure of the conflict (Code of Professional Responsibility, EC 5-17, DR 5-105 [B], [C]). With respect to the settlement of a case, an attorney representing multiple clients may not settle unless each client consents to the settlement “after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement” (DR 5-106 [A]).
The court first evaluates whether the interests of plaintiff conflicted with defendant’s other clients interested in *151 the Federal action (State Farm Insurance Company and the owner of car 2). State Farm’s interest arose from its obligation to indemnify for damages to third parties caused by its insured and those operating its insured’s vehicle with the consent of the insured. To this extent, its interests did not conflict with plaintiff. However, defendant knew that State Farm took the position that its insured had not consented to the operation of his vehicle by plaintiff or plaintiff’s employer. He should have been aware that although State Farm was obligated to defend in the Federal action, it would seek recovery from plaintiff and plaintiff’s employer for any amounts it paid. To this extent, the interests of State Farm were diverse from those of plaintiff. Defendant did not inform plaintiff of this conflict. No conflict existed, however, between plaintiff and the owner of car 2 in the Federal action.
Consequently, the court finds defendant was negligent by representing both State Farm and plaintiff without disclosing their diverse interests and by failing to notify plaintiff before settling the Federal action.
The court finds that plaintiff established that the defendant’s negligence was the proximate cause of his loss in the action brought by State Farm and that his actual damages were $318. However, he failed to establish either that defendant’s negligence was a proximate cause of his loss or proof of his actual damages in the action brought by the owner of car 2 (see Parksville Mobile Modular v Fabricant, 73 AD2d 595, 599).
Judgment is awarded plaintiff in the amount of $318.