■ JACQUELINE DRAB, Appellant-Respondent, v PETER J. BAUM, Respondent-Appellant.—In an action to recover damages for legal malpractice and breach of contract, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated April 30, 1984, as denied her motion for summary judgment against defendant, and defen-

dant cross-appeals from so much of the same order as denied his cross motion for summary judgment dismissing plaintiff's complaint on the ground that the action is time barred by the Statute of Limitations.

Order affirmed, without costs or disbursements.

In this case plaintiff charges defendant, an attorney, with legal malpractice and breach of contract for failing to include the State of New York Higher Education Services Corporation (hereinafter NYHESC), the guarantor of education loans incurred by plaintiff and made by Chemical Bank, as one of plaintiff's creditors in her bankruptcy petition prepared by defendant and filed in 1976. As a result of the alleged malpractice, plaintiff charged that the State of New York obtained a judgment against her in the amount of $13,483.25. Special Term held that plaintiff had not presented sufficient proof to obtain judgment as a matter of law. Special Term further held that the action was not barred by either the six-year contract Statute of Limitations (CPLR 213 [2]) or the three-year malpractice Statute of Limitations (CPLR 214 [6]), on the ground that the malpractice Statute of Limitations did not begin to run until August 11, 1980, pursuant to the "continuous representation" doctrine (see, Siegel v Kranis, 29 AD2d 477, 479-480).

We agree with Special Term that factual findings are necessary to determine if defendant's conduct in this case "fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of his profession" (Grago v Robertson, 49 AD2d 645, 646), or if defendant made an honest mistake of judgment where the proper course of action was open to reasonable doubt (Grago v Robertson, supra). Although a contingent contractual liability constitutes a "provable debt" for purposes of obtaining a discharge in bankruptcy (see, Chevron Oil Co. v Dobie, 40 NY2d 712, 717; former Bankruptcy Act [11 USC] § 25 [a] [8]; § 103 [a] [8]), it was not until after defendant filed a bankruptcy petition in plaintiff's behalf in 1976 that a definitive judicial determination was made that a State agency which guarantees a student loan made by a bank has to be listed in a bankruptcy petition in order to discharge that debt (see, State of New York Higher Educ. Servs. Corp. v Flynn, Sup Ct, Albany County, June 1, 1978, Miner, J.; State of New York Higher Educ. Servs. Corp. v Auchmoody, Sup Ct, Albany County, Jan. 25, 1980, Cholakis, J.). Therefore, a factual determination is necessary on the issue of whether at the time of the filing of the petition, defendant's failure to list the guarantor State agency fell

below the ordinary and reasonable skill of knowledge commonly possessed by an attorney.

Moreover, plaintiff's obligation to NYHESC was established as a result of the granting of that agency's motion for summary judgment. When defendant informed plaintiff of this motion, she demanded that he return her file. She then took it to another attorney, and she failed to oppose the motion. Consequently, in order to succeed against defendant now, she must establish that NYHESC's motion for summary judgment could not have been defeated. However, in her moving papers, plaintiff states: "Mr. Baum on my behalf could have fought the motion and maybe have won, so I have been informed by my attorney". Accordingly, plaintiff concedes the existence of a triable issue of fact in this regard.

Special Term was also correct in finding that the action was not barred by the Statute of Limitations. To the extent that the action sounds in breach of contract and seeks recovery for damages to property or pecuniary interests, the six-year contract Statute of Limitations applies (see, Sinopoli v Cocozza, 105 AD2d 743; Video Corp. v Flatto Assoc., 58 NY2d 1026, 1028). The action was also commenced within the three-year malpractice Statute of Limitations, since, pursuant to the "continuous representation" doctrine (see, Siegel v Kranis, supra, at p 480), defendant continued to represent plaintiff through August 11, 1980 in the action brought against plaintiff by NYHESC, which was directly related to the preparation of the bankruptcy petition by defendant. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.