■ DONA M. KENNEY et al., Respondents, v AARON M. ZIMMERMAN et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This legal malpractice action arises from defendants' representation of plaintiffs in a personal injury action. Following a jury trial, plaintiff Dona Kenney was awarded judgment for $30,000. This court reversed the judgment and granted a new trial on the ground that the testimony of plaintiff's treating physician that plaintiff suffered a permanent neck injury should have been precluded "because plaintiff did not mention this specific injury in her bill of particulars (CPLR 3042 [c]), and did not timely disclose the doctor's findings as required by this department's rules (22 NYCRR 1024.25 [c], [e]; Cramer v Toledo Scale Co., 89 AD2d 1059, 1060)" (Kenney v Amodei, 119 AD2d 1006). The second trial ended with a verdict of no cause of action, based upon the jury's finding that plaintiff failed to establish a

"serious injury" under the Insurance Law *(see,* Insurance Law § 5102 [d] [former § 671 (4)]).

Summary judgment was properly granted on the issue of liability against defendant Zimmerman, plaintiffs' counsel at the first trial. "Though an attorney may not be liable for errors of judgment * * * he may be liable for his ignorance of the rules of practice *(Von Wallhoffen* v. *Newcombe,* 10 Hun 236, 240)" *(Siegel v Kranis,* 29 AD2d 477, 479). The failure to comply with well-established disclosure rules fell below the level of skill and knowledge possessed by other members of the profession in the community *(see, Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513, *lv dismissed* 77 NY2d 940). If Zimmerman had not been negligent, moreover, plaintiff would not have lost a $30,000 verdict or been exposed to the uncertainties of a new trial. Thus, the record establishes "not only that the attorney was negligent, but also that 'but for' the attorney's negligence plaintiff would have prevailed in the underlying action" *(Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 234, *lv dismissed* 74 NY2d 892).

We reach a different conclusion with respect to defendant Rojas, plaintiffs' counsel at the second trial. At most, the failure to call Dr. Delahanty, one of plaintiff's treating physicians, was "an error of judgment by [Rojas], which does not rise to the level of malpractice" *(Rosner v Paley,* 65 NY2d 736, 738). The record contains conflicting evidence concerning whether Rojas was negligent in her preparation and investigation of the case and whether any negligence on her part was the proximate cause of plaintiff's loss. Summary judgment, therefore, was improperly granted against Rojas. (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Boomer, J. P., Green, Balio, Boehm and Fallon, JJ.