■ MARVIN H. GREENE et al., Appellants, v PAYNE, WOOD AND LITTLEJOHN et al., Respondents. [602 NYS2d 883] —In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 22, 1992, which denied their motion for partial summary judgment on their first cause of action.

Ordered that the order is affirmed, with costs.

In 1952 the plaintiffs purchased approximately 710 acres of

land in the Town of Blooming Grove in order to develop a vacation resort consisting of a hotel, bungalow units, a swimming pool, and other recreational facilities. The plaintiffs subsequently submitted a map to the Town Planning Board, which designated a total of 136 acres of the parcel for use as a bungalow colony. The proposed map was approved by the Planning Board in October 1960 and the plaintiffs subsequently constructed approximately 125 bungalow units on a portion of their property.

Fourteen years later, on October 7, 1974, the Town enacted a new zoning ordinance which expressly eliminated bungalow colonies as a permitted use. Thereafter, in June 1986 the plaintiffs, asserting a vested right to a nonconforming use of the entire 136 acres designated in the approved 1960 map as a bungalow colony, applied to the Town's building inspector for a permit to construct an additional 419 bungalow units on their property. When the Town refused to issue the required permit, the plaintiffs retained the defendants to represent them. The defendants subsequently commenced a Federal civil rights suit on the plaintiffs' behalf, alleging that the Town's use of its zoning powers to deny the plaintiffs' application for a building permit constituted a deprivation of property without due process in violation of 42 USC § 1983. Following a jury trial in the United States District Court for the Southern District of New York, the plaintiffs' Federal civil rights claim was dismissed, but they were awarded judgment on an unpleaded pendent claim for a declaration that they had "a valid vested right to improve the bungalow colony by the construction of an additional 419 units" under State law. The United States Court of Appeals for the Second Circuit subsequently reversed the declaratory judgment in favor of the plaintiffs, however, concluding that the District Court had erred in exercising pendent jurisdiction over the State law component of the plaintiffs' claim pursuant to 42 USC § 1983 because the plaintiffs' complaint failed to separately plead a pendent State claim for declaratory relief.

The plaintiffs then commenced this legal malpractice action against the defendants, and thereafter moved for summary judgment on their first cause of action, contending that they would have obtained a declaratory judgment in their favor in the Federal suit but for the negligence of the defendants in failing to separately plead and label a pendent State claim for declaratory relief. In opposition to the motion, the defendants argued that, prior to the determination of the Second Circuit in the plaintiffs' suit against the Town, controlling Federal

precedent did not require a State law claim to be specifically labeled and separately identified as a "pendent State law claim" in a Federal complaint. The defendants thus contended that the Second Circuit decision marked a sudden change in the existing law which could not have been anticipated. The Supreme Court denied the plaintiffs' motion for summary judgment, concluding that the plaintiffs had failed to establish, as a matter of law, that the defendants deviated from good and accepted legal practice in drafting the Federal pleadings. We agree.

In order to obtain summary judgment on a legal malpractice claim, the movant must establish, through the submission of evidentiary proof in admissible form, that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community *(see, Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511; *see also, Drab v Baum,* 114 AD2d 992, 993; *Grago v Robertson,* 49 AD2d 645, 646). Whether malpractice has been committed is ordinarily a factual determination to be made by the jury *(see, Corley v Miller,* 133 AD2d 732, 735; *Grago v Robertson, supra).* Moreover, unless the ordinary experience of the fact-finder provides sufficient basis for judging the adequacy of the professional service *(see, S & D Petroleum Co. v Tamsett,* 144 AD2d 849), or the attorney's conduct falls below any standard of due care *(see, Logalbo v Plishkin, Rubano & Baum, supra; see also, Kenney v Zimmerman,* 185 AD2d 690), expert testimony will be necessary to establish that the attorney breached a standard of professional care and skill *(see, Clanton v Vagianellis,* 192 AD2d 943; *Canavan v Steenburg,* 170 AD2d 858; *Active Operations Corp. v Lampert,* 115 AD2d 452, 453).

Guided by these principles, we agree with the Supreme Court that factual findings and expert testimony are necessary to determine whether the defendants' conduct which is the subject of this case was negligent, or whether the defendants "made an honest mistake of judgment where the proper course of action was open to reasonable doubt" *(Drab v Baum, supra,* at 993). Pendent jurisdiction has been described as a "subtle and complex" area of the law *(Aldinger v Howard,* 427 US 1, 2), and here the defendants claim that, in drafting the Federal complaint, they relied, *inter alia,* upon rule 8 (e) (1) of the Federal Rules of Civil Procedure, which provides that "[n]o technical forms of pleading or motions are required" in Federal actions. The defendants further allege that they relied upon precedent including *Leather's Best v S. S. Mormaclynx*

(451 F2d 800), an admiralty case wherein the court abandoned an "unnecessarily grudging" approach to pleading for an approach which favored trying both Federal and State claims arising out of " 'a common nucleus of operative facts' " in one judicial proceeding, regardless of whether the pendent State claim had been separately stated and labeled *(Leather's Best v S. S. Mormaclynx, supra,* at 809, quoting *United Mine Workers v Gibbs,* 383 US 715, 725). Under these circumstances, the question of whether the defendants were negligent in failing to separately plead the pendent State claim at the time they instituted the Federal suit is an issue of fact which must await resolution at trial. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.