■ SUMMIT ROVINS & FELDESMAN, Respondent, v FONAR CORPORATION, Appellant. [624 NYS2d 809] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about June 21, 1994, which denied defendant's motion to vacate the note of issue and statement of readiness, unanimously reversed, on the law, and the note of issue and statement of readiness vacated, with costs.

■ SUMMIT ROVINS & FELDESMAN, Appellant-Respondent, v FONAR CORPORATION et al., Respondents-Appellants. [623 NYS2d 245] —Order, Supreme Court, New York County (Edward Lehner, J., upon decision of Burton Sherman, J.), entered on or about February 17, 1994, which in an action to recover legal fees, granted plaintiff attorneys' motion for partial summary judgment on the issue of liability as against the corporate defendant only, and granted defendants' cross motion for summary judgment dismissing the complaint as against the individual defendant, modified on the law, to the extent of denying plaintiff's motion for partial summary judgment, and otherwise affirmed, with costs.

Summary judgment should not have been granted in favor of plaintiff since an issue of fact exists whether it committed malpractice (see, Drab v Baum, 114 AD2d 992) in failing, inter alia, to disclose the likelihood that defendants' offering would not succeed (see, Code of Professional Responsibility EC 7-8), thereby breaching its fiduciary duty to bring to the client's

attention all relevant considerations *(see, Spector v Mermelstein,* 361 F Supp 30, 39-40, *affd in part and remanded in part* 485 F2d 474). However, summary judgment was properly granted in favor of the individual defendant in the absence of any "direct and explicit evidence of actual intent" by him to be held personally liable for the corporate defendant's debts *(Salzman Sign Co. v Beck,* 10 NY2d 63, 67). Concur—Sullivan, J. P., Rosenberger, Asch and Mazzarelli, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Sherman, J.