█ BARRY S. BERKELEY, Respondent, v JEFFREY L. LIDDLE et al., Appellants. LIDDLE, O'CONNOR, FINKELSTEIN & ROBINSON, Appellant, v BARRY S. BERKELEY, Respondent. [668 NYS2d 354] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 22, 1997, which, in actions between a law firm and a former client involving claims by the client of malpractice and breach of contract, insofar as appealed from as limited by the law firm's brief, denied the law firm's motion for

summary judgment dismissing the claims of malpractice, unanimously affirmed, with costs.

Issues of fact exist precluding summary judgment, including whether the demeanor of the attorney who represented the client in the arbitration was so belligerent as to be offensive to the panel and prejudice the client's case, and whether the attorney's decision not to call the therapist to whom he had referred the client in order to develop a claim of emotional distress was motivated by the attorney's lack of awareness, until the hearing, that the therapist was not licensed in New York and had never before testified as an expert and that her testimony could not be introduced unless her notes, which the attorney allegedly had not reviewed, were made available to the other side (cf., Grago v Robertson, 49 AD2d 645, 646). We do not regard as speculative the client's claims that the attorney's malpractice caused him to incur expense in hiring the therapist and a new attorney to complete the arbitration, and that but for such negligence he would have obtained a more sizeable award. We have considered the law firm's other contentions and find them to be without merit. Concur—Nardelli, J. P., Wallach, Williams and Mazzarelli, JJ.