■ WINDSOR METAL FABRICATIONS, LTD., Plaintiff, v SCOTT & SCHECHTMAN et al., Defendants and Third-Party Plaintiffs-Appellants. SOL KODSI, Third-Party Defendant-Respondent.

[730 NYS2d 341] —In an action to recover damages for legal malpractice, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated August 1, 2000, as granted that branch of the motion of the plaintiff and the third-party defendant which was for summary judgment dismissing the third-party complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing so much of the third-party complaint as sought contribution based upon alleged acts of legal malpractice occurring after May 29, 1996, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against the defendants third-party plaintiffs, Scott & Schechtman, Steven I. Schechtman, and H. Morton Scott (hereinafter collectively Scott & Schechtman), to recover damages for legal malpractice, alleging that they permitted a mechanic's lien which they filed on its behalf to lapse. Scott & Schechtman commenced a third-party action against the third-party defendant, Sol Kodsi, the son of the plaintiff's president, seeking contribution for his alleged legal malpractice. Scott & Schechtman contended, *inter alia*, that Kodsi provided the plaintiff with legal assistance on the matter at issue while attending law school and after his admission to the Bar, and that he failed to extend the mechanic's lien or to commence a timely action against the surety to recover payment on a bond issued pursuant to State Finance Law § 137 in connection with a public improvement construction project.

We agree with the Supreme Court that Kodsi is entitled to summary judgment dismissing so much of the third-party complaint as sought contribution based upon alleged acts of legal malpractice which occurred before his admission to the Bar. There is no cause of action to recover damages for legal malpractice absent an attorney-client relationship, and a layperson is not held to the same standard of skill as a licensed attorney (*see, Shopsin v Siben & Siben,* 268 AD2d 578; *Solondz v Barash,* 225 AD2d 996, 997-998).

However, we disagree with the Supreme Court's conclusion that by May 29, 1996, when Kodsi was admitted to the Bar, the plaintiff's damages had already been sustained and could not have been minimized. The one-year Statute of Limitations period set forth in State Finance Law § 137 for commencing an

action concerning the bond did not expire until July 1, 1996 (*see, Windsor Metal Fabrications v General Acc. Ins. Co.,* 94 NY2d 124). Kodsi's contentions that he cannot be held liable for failing to commence a timely action to recover payment on the bond because the law concerning the accrual of the cause of action was unsettled, and that he was not retained to commence an action against the surety until after the Statute of Limitations period had expired, present issues of fact to be resolved at trial (*see, Greene v Payne, Wood & Littlejohn,* 197 AD2d 664). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.