IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 19, 2003 Session

## WINCOR, INC. v. JOHN DUNLAP

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000628-02     D'Army Bailey, Judge**

---

**No. W2002-02522-COA-R3-CV - Filed February 27, 2004**

---

This case involves Plaintiff's claim that Defendant committed legal malpractice while representing Plaintiff in certain bankruptcy proceedings. The Defendant filed a motion for summary judgment, alleging that the applicable statute of limitations bars the malpractice action, as does the doctrine of *res judicata*. The trial court granted Defendant's motion, and Plaintiff filed the instant appeal. For the following reasons, we affirm the ruling of the lower court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Marshall L. Gerber, Memphis, TN, for Appellant

James L. Kirby, Shannon E. Holbrook, Memphis, TN, for Appellee

**OPINION**

**Facts and Procedural History**

On December 8, 1998, Wincor, Inc. ("Wincor") filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. Wincor, through its president, Eugene C. Goodwin ("Goodwin"), retained John E. Dunlap ("Dunlap") to provide representation throughout the bankruptcy proceedings. During the course of these proceedings, one of Wincor's secured creditors, InSouth Bank ("InSouth"), filed a "Motion to Terminate Automatic Stay, or in the Alternative, for Adequate Protection." In this motion, InSouth sought to have Wincor's outstanding debt satisfied by recovering possession of certain realty owned by Wincor in Shelby County, Tennessee and DeSoto County, Mississippi. A consent order was subsequently entered on February 24, 1999, which provided that:

[Wincor] shall have ninety (90) days from entry of this order within which to sell the property and complete a closing and pay off InSouth Bank . . . upon the failure to complete and pay off InSouth Bank on or before the expiration of ninety (90) days, InSouth Bank shall be granted relief from the automatic stay to proceed with any and all action to recover possession including foreclosure, forcible entry and detainer of the property.

Wincor was then unable to sell the two properties within the given ninety-day limit. However, InSouth did not immediately act to take possession of the property, and Wincor entered into a contract on May 21, 1999 to sell the Shelby County property for $200,000. Wincor presented the contract to Dunlap, who then filed a motion on June 16, 1999 to have the trial court approve the sale. A hearing on the motion was set for July 15, 1999. Before the date of the hearing, however, InSouth proceeded with the foreclosure of both properties detailed in the consent order. Goodwin, as president of Wincor, subsequently signed and filed a disclosure statement on November 18, 1999 acknowledging that InSouth had rightfully foreclosed on the properties pursuant to the consent order. The bankruptcy proceeding was thereafter dismissed on February 8, 2001.

Following dismissal of the bankruptcy proceedings, Goodwin filed a legal malpractice suit *pro se* against Dunlap, in which Goodwin purported to represent both himself and Wincor. Dunlap then filed a motion for summary judgment in that case, which was granted on October 2, 2001. As part of its order granting summary judgment, the trial court noted that a non-lawyer does not have the capacity to file suit on behalf of a corporation. Goodwin subsequently obtained the services of an attorney to file suit on behalf of Wincor, giving rise to the present action, which was filed on February 6, 2002. In its complaint, Wincor alleged that Dunlap was negligent in his representation during the bankruptcy proceeding. Specifically, it was alleged that Dunlap abandoned Wincor during the February 18, 1999 hearing involving InSouth's motion to terminate the automatic stay and that Dunlap negligently failed to submit the real estate sale contract to the bankruptcy court in a timely fashion, resulting in InSouth's foreclosure on the land. On June 26, 2002, Dunlap filed a motion for summary judgment, alleging that the one year statute of limitations on malpractice claims, set forth in Tenn. Code Ann. § 28-3-104 (2003), had already run and that the suit was barred by the doctrine of *res judicata*. The trial court granted this motion on both grounds set forth by Dunlap in his motion. Wincor then timely filed the instant appeal challenging the ruling of the lower court.

**Issues**

Wincor raises two issues for our consideration:

I.      Whether the trial court erred in finding that Wincor's claim is barred by the one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104.

II.     Whether the trial court erred in finding that Wincor's suit is barred by the doctrine of *res judicata*.

## Standard of Review

In *Carvell v. Bottoms*, 900 S.W.2d 23 (Tenn. 1995), the Tennessee Supreme Court set forth the standards governing an appellate court's review of a grant of summary judgment:

> Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, S.W.2d 523, 524 (Tenn. 1991) . . . Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Byrd*, 847 S.W.2d at 210-11.

*Carvell*, 900 S.W.2d at 26.

## Law and Analysis

In its first issue on appeal, Wincor maintains that the lower court erred in finding that the one-year statute of limitations for malpractice claims, set forth in Tenn. Code Ann. § 28-3-104, bars the present action. Wincor bases its argument on the premise that the trial court used the wrong date at which to begin counting the one-year limit. In its complaint, Wincor alleged two incidents of malpractice: Dunlap's abandonment of Wincor at a February 18, 1999 hearing and his failure to timely file the real estate contract in May of 1999. The lower court based its ruling on Dunlap's argument that the one-year limit began on February 18, 1999 and November 18, 1999, respectively, for each of Wincor's two claims of legal malpractice. Dunlap argued that these two dates marked the beginning of the one year limit because they represent the points at which Wincor knew that it had suffered an injury caused by Dunlap's alleged negligence. According to Wincor, however, the statute of limitations did not begin to run until Dunlap concluded his representation of Wincor in the bankruptcy proceeding, on February 8, 2001. Under this theory, Wincor's filing on February 6, 2002 fell within the statutory time limit for malpractice claims. After reviewing the relevant authority, we cannot agree with the theory urged upon us by Wincor.

Wincor argues that the trial court should have employed the "continuous representation" doctrine in determining the statute of limitations issue. Under this doctrine, a legal malpractice action is tolled during the time that the offending attorney continues to represent the aggrieved client in the underlying proceeding. *See Croce v. Kurnit*, 565 F.Supp. 884 (S.D.N.Y. 1982); *Gurkewitz v. Haberman*, 187 Cal. Rptr. 14 (Cal. Ct. App. 1982); *Morrison v. Watkins*, 889 P.2d 140 (Kan. Ct.

App. 1995); *Drab v. Baum*, 495 N.Y.S.2d 684 (N.Y. App. Div. 1985). Tennessee courts do not, however, follow the continuous representation doctrine. *See Cherry v. Williams*, 36 S.W.3d 78 (Tenn. Ct. App. 2000). Instead, the statute of limitations in a malpractice case begins to run "when the client suffers a legally cognizable injury resulting from an attorney's negligence or other wrongdoing, and the client knows or should know the facts sufficient to give notice of that injury." *Id*. 83; *see also Carvell v. Bottoms*, 900 S.W.2d 23, 28 (Tenn. 1995). We have clearly stated that, once the client discovers his injury, continued representation will not toll the start of the statute of limitations:

> In the context of a legal malpractice claim, we now hold that a litigant who learns that it has suffered a cognizable legal injury and that this injury was caused by the negligence of its lawyer but who nevertheless continues to be represented by that lawyer will be forever barred from bringing suit against the lawyer unless it files suit within one year after the discovery of the injury and its cause.

*Cherry*, 36 S.W.3d at 87. In the present case, we find that Wincor discovered its injuries on those dates urged upon the trial court by Dunlap. Wincor was immediately aware of its injury on February 18, 1999 when Dunlap failed to appear for a hearing on InSouth's motion to terminate the automatic stay. Wincor was further aware, on November 18, 1999, of its injury arising from Dunlap's alleged failure to timely submit the real estate contract. As the one-year statute of limitations expired, at the latest, in November 2000, the trial court properly found that Wincor's suit filed in February 2002 against Dunlap was barred. We note that resolution of this single issue provides a sufficient basis for affirming the lower court's grant of summary judgment. As such, we decline to address Wincor's second issue on appeal.

### Conclusion

For the foregoing reasons, we affirm the ruling of the trial court. Costs of this appeal are taxed to the Appellant, Wincor, Inc., and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE