■ ADA IULIO, Appellant, v. FORD MOTOR COMPANY, Respondent.— Appeal from a judgment of the Supreme Court, County of Queens, entered March 18, 1968 in favor of defendant upon the trial court's dismissal of plaintiff's complaint at the end of her case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. From evidence given by persons other than plaintiff, the jury could have found the following facts. Plaintiff visited defendant's automobile exhibit in its pavilion at the World's Fair in 1964, when she was 78 years old, and there entered defendant's car in which she rode a certain distance at the end of which she, like other passengers, was compelled to alight upon a level moving platform traveling at about two and a half miles per hour. She grasped a handrail which travelled at the same speed as the platform. Standing in front of her were about 20 persons whose presence made it difficult for one in plaintiff's position to

observe the very dimly lighted place at which the moving platform ended and from which she was to travel ahead by foot. At that point, she fell and was injured when her feet struck a stationary metal piece which met the moving platform. Defendant, contrary to its practice, had not stationed an attendant at the end of the moving platform to warn passengers of its end. In our opinion, the jury could have found that the risk of plaintiff's injury was one created and foreseeable by defendant and that her injury was caused by defendant's lack of care in its supervision of the operation of the moving platform. In addition, in the absence of any claim of prejudice by defendant, it was an improvident exercise of the trial court's discretion to deny plaintiff's motion, made at the close of her evidence, to reopen her case in order to offer medical proof that she was mentally incompetent to testify (cf. *Drago* v. *New York Cent. & Hudson Riv. R. R. Co.*, 139 App. Div. 828). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.