SECOND DEPARTMENT, DECEMBER, 1985

(December 2, 1985)

■ ACTIVE OPERATIONS CORP., Appellant, v IRVING B. LAMPERT et al., as Executors of NORMAN ROTH, Deceased, Defendants, and IRVING B. LAMPERT, Individually, et al., Respondents.—In a negligence action to recover damages for legal malpractice, plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Balletta, J.), dated October 12, 1983, as dismissed the action as against respondents.

Judgment affirmed, insofar as appealed from, without costs or disbursements.

Following the settlement of the underlying action, plaintiff commenced this action for legal malpractice against the defendants based upon two theories of negligence in their handling of its case. It was alleged that defendants were unprepared for trial and that they abandoned the case after the commencement of the trial without adequate counsel being substituted.

Prior to trial, the court granted a motion to dismiss the action as against the estate of defendant Norman Roth, deceased. That determination is not being challenged on this appeal.

Plaintiff's witnesses, including respondents Irving B. Lampert and Howard R. Shapiro, submitted testimony which raised sharp and conflicting issues of fact. When plaintiff

rested its case, respondents moved to dismiss the action as to them because plaintiff had failed in its burden to present testimony by an expert witness with respect to the existing standard of care required of an attorney. Plaintiff orally argued that the instant action showed such a clear-cut case of negligence that an ordinary juror, within his own knowledge and experience, with proper instructions on the law, could evaluate the evidence presented and determine whether the respondents committed legal malpractice. Alternatively, in the event that the court was of the opinion that expert testimony was necessary, plaintiff requested the opportunity to reopen its case in order to present such testimony.

Based upon the circumstances of this case as shown by a review of the record, we conclude that no basis exists which would justify the court in an exercise of discretion to permit plaintiff to reopen its case.

We agree with the trial court that to have granted plaintiff's application would have resulted in clear prejudice to the respondents *(cf. Iulio v Ford Motor Co.,* 31 AD2d 820). We also note that a review of the record in a light most favorable to plaintiff *(see, Felice v Gershkon,* 34 AD2d 1008) reveals that plaintiff failed to establish that its settlement of the underlying action was improvident and that it would have succeeded therein but for the malpractice by the respondents.

We find no merit to plaintiff's contention that expert testimony as to the standard of care was not required in this case. Not only do the cases relied upon by plaintiff fail to support this conclusion but there is no existing authority within this jurisdiction in accord therewith. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.