**Richard KRANIS, Plaintiff,**

v.

**Jonathan C. SCOTT and Burton, Scott & Associates, P.C., Defendants.**

**No. 97 CV 3812(NGG).**

United States District Court, E.D. New York.

Jan. 4, 2002.

**332**

Richard Kranis, Naples, FL, pro se.

Michael Craig Byrne, Silverman, Collura, Chernis & Balzano, P.C., New York, NY, for Jonathan C. Scott and Burton, Scott & Associates, P.C.

*MEMORANDUM & ORDER*

GARAUFIS, District Judge.

The instant action for legal malpractice was deemed ready for trial in April 1999 and reassigned to this court, for all purposes, in September 2000. This court scheduled the case to go to trial on January 7, 2002 and ordered each party to serve any motions *in limine* on the oppos-

ing party by overnight mail posted no later than December 12, 2001. Any responses to such motions were to be served by overnight mail posted no later than December 17, 2001. Defendants timely served a motion *in limine* seeking to exclude Kranis from testifying as his own expert witness on the issue of legal malpractice.[1] Defendants' motion also seeks to prevent Kranis from presenting any other legal experts due to his failure to comply with discovery rules and the resulting prejudice to Defendants. Plaintiff made no motion *in limine*, but did timely object to Defendants' motion. For the reasons discussed in Part I below, Defendants' motion to preclude Kranis from testifying as an expert is GRANTED. As discussed in Part II below, however, if Kranis, a *pro se* litigant, is barred from presenting any expert witness he will be unable to make out a *prima facie* case of malpractice. Therefore, Defendant's motion to preclude any expert witnesses is DENIED, and Plaintiff is granted leave, pursuant to the instructions set forth in Part II of this Order, to find a qualified expert to testify on his behalf. Failure to comply with this Order will result in the dismissal of Plaintiff's case.

### I. Plaintiff is Not Qualified To Testify as an Expert on Legal Malpractice

Plaintiff originally provided a list of three proposed experts, including himself, who would testify regarding the professional standard of care for attorneys, specifically in defending a malpractice action, and deviations from that standard. (Defs.' Decl. of Dec. 12, 2001, Ex. F). At this time, however, Plaintiff seeks only his own admission as an expert witness. (Joint

---

1. Although Plaintiff asserts that Defendants' motion is untimely, it was mailed by overnight delivery on December 12, 2001, and Plaintiff concedes that he received it on December 13, 2001. Thus, Defendants' motion was in compliance with this court's order.

Pre Trial Order at 3; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. in limine.)

Plaintiff is a disbarred attorney. Although it is not disputed that Plaintiff previously practiced law for approximately thirty years, for the past several years he has not practiced law as the result of his disbarment. Further, Plaintiff presents no evidence that he ever specialized in the area of malpractice law, testified as a legal expert in the past, or that he has any qualifications, other than his own general past practice, to testify on malpractice standards. At no time has Plaintiff submitted the disclosures as ordered by Magistrate Judge Pohorelsky in November of 1998, and as required by FED.R.CIV.P. 26(a)(2), such as a written report containing "a complete statement of all opinions to be expressed", "information considered by the witness in forming the opinions" and "the qualifications of the witness, including a list of all publications authored by the witness." FED.R.CIV.P. 26(a)(2)(B).

Besides Plaintiff's failure to affirmatively demonstrate that he is qualified to testify as an expert on legal malpractice, his submissions and representations to this court make it impossible for this court to certify Plaintiff as a legal expert. Plaintiff has failed to demonstrate adequate familiarity with basic rules of practice and procedure. He has represented that he is unable to access readily available legal materials such as statutes and court rules, suggesting he has not kept up to date on the law. Finally, his recent submission to this court, in the context of these pre-trial motions, demonstrates a substandard level of legal skill.[2] In short, Plaintiff has not demonstrated to this court knowledge of the professional legal skills expected of a licensed attorney, which he no longer is, let alone the additional qualifications normally demonstrated by an expert witness. Thus, this court does not believe that Plaintiff's testimony as an expert would be reliable nor would it aid the jury in understanding the evidence or better arriving at the truth of the matter. *See* FED.R.EVID. 702.

■ Even if Plaintiff were not disbarred and could demonstrate that he was qualified to testify on the standards of malpractice, the simple fact is that his testimony as an expert would be far more prejudicial

**2.** Plaintiff's Memorandum of Law in Opposition to Defendants' Motion *in Limine* is written in a series of disconnected sentence fragments with no spaces or capitalization to indicate the start of a new sentence. Moreover, the arguments and citation references, when given, are nearly unintelligible. For example, in the following paragraphs taken from Plaintiff's Memorandum of Law, and reproduced below with the exact same punctuation, spelling, spacing and formatting as presented to this court, Plaintiff argues, apparently in response to a case cited by Defendants:

In goss we have a railway labor act case involving personal injury and expert to testify to add to damages. plaintiff has complied with magistrates orders. see defendants. exhibit G and H.

Defendant on page 4 of his memorandum 2d paragraph argues defendant would ob-

ject to expert in this case plaintiff if there was no compliance with rule 26.typically he fails to mention his exhibit H9 (and plaintiffs exhibit G) and rest of his letter dated february,22,99. to wit he will object "TO THE EXTENT THAT WE CANNOT ADEQUATELY PREPARE FOR TRIAL AND MAY BE PREDJUDICED".

(Pl.'s Mem. of Law in Opp'n to Defs.' Mot in limine at 3.) Plaintiff's Memorandum of Law also attempts to argue the merits of the underlying malpractice action against him, a matter not relevant in response to Defendants' motion *in limine*. While this court is sympathetic to the difficulties normally faced by *pro se* litigants, the quality of Plaintiff's submission to this court is directly relevant to the determination of whether he is qualified *to testify on the degree of skill and diligence* commonly possessed by an ordinary member of the legal community.

than probative. *See* FED.R.EVID. 403. The underlying action to the instant malpractice suit was a malpractice suit against Kranis himself. Now Kranis is both Plaintiff and advocate in this suit against Defendants, his previous attorneys. Thus, Kranis has been personally involved at every level of the instant action and his role as past defendant, current plaintiff, attorney and expert witness would be unfairly prejudicial, misleading and confusing to the jury.

For the foregoing reasons, this court finds that Plaintiff is not qualified to testify as a legal expert in this case and that any expert testimony from him would be more prejudicial than probative, accordingly he is precluded from testifying as his own expert witness.

## II. Plaintiff Cannot Make out a Prima Facie Case Without Expert Testimony

### a. Legal Standard

Under New York law, a successful legal malpractice action requires the plaintiff to establish that "the defendants failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiffs, and that but for the defendants' negligence, the plaintiffs would have been successful in the underlying action." *Logalbo v. Plishkin, Rubano & Baum,* 163 A.D.2d 511, 558 N.Y.S.2d 185, 187 (2d Dep't 1990); *see also Williams v. Havas et al.,* No. 96–7258, 1996 WL 626347, at *2 (2d Cir. Oct.30, 1996); *Hatfield v. Herz,* 109 F.Supp.2d 174, 178 (S.D.N.Y.2000); *Momah v. Massena Mem'l Hosp.,* No. 95–CV–1438, 2000 WL 306774, at *4 (N.D.N.Y. Mar. 13, 200); *Greene v. Payne, Wood & Littlejohn,*

197 A.D.2d 664, 602 N.Y.S.2d 883, 885 (2d Dep't 1993).

In most legal malpractice actions, the plaintiff must introduce expert testimony in order to establish the standard of care in the legal profession and to testify as to whether the defendant's acts or omissions negligently deviated from that standard and whether such negligence was the proximate cause of any damages to plaintiff. *See Greene,* 602 N.Y.S.2d at 885; *Canavan v. Steenburg,* 170 A.D.2d 858, 566 N.Y.S.2d 960, 961 (3d Dep't 1991); *Fidler v. Sullivan,* 93 A.D.2d 964, 463 N.Y.S.2d 279, 280 (3d Dep't 1983). The rare exceptions to this rule are when "the ordinary experience of the fact-finder provides sufficient basis for judging the adequacy of the professional service, or the attorney's conduct falls below any standard of due care." *Greene,* 602 N.Y.S.2d at 885 (internal citations omitted); *Momah,* 2000 WL 306774, at *4; *see also Logalbo,* 558 N.Y.S.2d at 187 ("defendant's conduct fell below any permissible standard of due care"); *S & D Petroleum Co., Inc. v. Tamsett,* 144 A.D.2d 849, 534 N.Y.S.2d 800, 802 (3d Dep't 1988) (noting exception to expert testimony requirement where "ordinary experience of the factfinder provides sufficient basis for judging the adequacy of the professional service"). Under the above standards for proving legal malpractice, unless the nature of Kranis's claim falls within either exception, he must introduce expert testimony in order to establish a *prima facie* case sufficient for presentation to the jury. *See e.g., Active Operations Corp. v. Lampert,* 115 A.D.2d 452, 495 N.Y.S.2d 689, 690 (2d Dep't 1985) (affirming dismissal of claim at close of plaintiff's case because plaintiff failed to carry burden of presenting expert testimony on professional standard of care).

### b. Plaintiff's Case Requires Expert Testimony

██ Plaintiff's claim of malpractice is not so obvious that a jury can determine, in the first instance, whether the Defendants were negligent. But even if Defendants' acts or omissions were obviously negligent, it would not be clear without expert testimony if such negligence was the proximate cause of any alleged damages.

Plaintiff primarily asserts two grounds for malpractice. The first involves disputed facts as to who entered an appeal, in the underlying malpractice action, of the trial judge's referral to a referee for a damages assessment, and whether Defendants failed to withdraw the appeal despite Plaintiff's instructions. Even assuming that the Defendants failed to follow his instructions, at least two elements of the *prima facie* case still would not be clear to the ordinary fact-finder: 1) whether Defendants' actions with respect to this particular appeal were a breach of the professional duty of care; and 2) whether, but for the failure to withdraw the appeal, the trial judge's ultimate judgment against Plaintiff would have been different.

Plaintiff's second basis for claiming malpractice involves Defendants' alleged failure to raise a particular defense in the underlying action. Again, even assuming that the defense was not raised, it is not certain that the defense was in fact a plausible one or that the failure to raise it was professional negligence which caused Plaintiff's damages.

Finally, this court cannot find, on the current record, that the Defendants' conduct in representing Plaintiff fell below any standard of due care as a matter of law. Therefore, Plaintiff's case does not fall within either of the exceptions and a finding of legal malpractice cannot be made in the absence of expert testimony.

██ Because Plaintiff is not qualified to serve as a legal expert and has not provided for testimony by any other legal experts, he will be unable to establish a *prima facie* case before the jury. Defendants seek to preclude Plaintiff from presenting any expert witnesses, arguing that to introduce an expert at this late stage would be prejudicial to their defense. To prevent Plaintiff from presenting any legal experts, however, would result in the immediate dismissal of Plaintiff's case. While Plaintiff has been delinquent in complying with the Federal Rules of Civil Procedure and with prior court orders, this court recognizes that Plaintiff is proceeding *pro se*. Furthermore, his case was previously marked trial-ready without any notice to Plaintiff that a legal expert, other than himself, would be necessary for a trial. Therefore, Plaintiff is granted leave, pursuant to the following schedule, to find a suitable legal expert if he wishes to further prosecute this case. If Plaintiff fails to present a qualified expert, in compliance with FED R. EVID. 702, 703, FED. R.CIV.P. 26(a)(2) and in accordance with the schedule below, this case will be dismissed with prejudice. It is hereby ORDERED that:

1) On or before March 1, 2002, Plaintiff must notify, in writing, Defendants and this court of the name, address, and phone number of a qualified legal expert that has agreed to testify at trial on Plaintiff's behalf.

2) On or before April 5, 2002, Plaintiff must disclose to Defendants and this court, in the form of a written report prepared and signed by the expert witness, all information required under FED.R.CIV.P. 26(a)(2)(B).

3) If Plaintiff complies with the disclosures as required in paragraphs one and two above, Defendants are entitled to de-

pose Plaintiff's designated legal expert and may designate their own legal expert by providing all disclosures required by Rule 26(a)(2) on or before May 6, 2002.

4) No further extensions will be granted to Plaintiff and if Plaintiff fails to adhere to the deadlines set forth in this Order, his case will be dismissed for the reasons discussed above.

SO ORDERED.