Andrew ORDON, M.D.

v.

Karen L. KARPIE; Murphy
& Karpie, LLC

No. CIV. 3:01CV1951(AHN).

United States District Court,
D. Connecticut.

March 31, 2006.

Philip M. French, Stamford, CT, for Andrew Ordon.

Kevin M. Godbout, Michael D. Neubert, Neubert, Pepe & Monteith, New Haven, CT, for Karen L. Karpie and Murphy & Karpie, LLC.

### RULING ON MOTION FOR SUMMARY JUDGMENT

NEVAS, District Judge.

The plaintiff, Andrew Ordon, M.D. ("Dr.Ordon"), brings this action against his former attorney, Karen Karpie ("Karpie"), and the law firm in which she is a partner, Murphy & Karpie (collectively "the Defendants"), alleging negligence and breach of contract. Dr. Ordon, a plastic surgeon, retained Karpie to represent him in proceedings before the Connecticut Medical Examining Board ("CMEB") after a patient reported an adverse result in a surgery performed by Dr. Ordon. In this action, Dr. Ordon claims that Karpie advised him to settle the charges against him rather than proceed to a CMEB hearing, but that in so doing she negligently failed to inform him that he might be subject to disciplinary action by licensing authorities in other states pursuant to reciprocal discipline statutes.[1] He alleges that as a result of the settlement of the Connecticut charges he was reprimanded by the the Medical Board of California ("the California Board"), and that the actions of the California Board damaged his attempt to build a new practice in California. He contends that if Karpie had warned him of the possibility of reciprocal discipline, he would have pursued the CMEB proceedings to a final decision and prevailed, and thus would not have been subject to reciprocal discipline in any other jurisdiction, including California, and his California practice would not have been damaged.

Now pending before the court is Karpie's motion for summary judgment. She asserts that summary judgment is appropriate because Dr. Ordon has not designated a legal expert witness to testify as to causation, an essential element in his legal malpractice claim. In opposition, Dr. Ordon maintains that he has not asserted a legal malpractice claim, but that the complaint alleges a claim for negligent infliction of emotional distress. But even if this court construes his claim as one for malpractice, he contends that he may establish causation through the testimony of a medical expert.

For the following reasons, the court finds that Dr. Ordon has asserted a legal malpractice claim, but does not reach the question of whether Dr. Ordon may establish causation with a medical expert because Dr. Ordon has not disclosed *any* expert testimony that is sufficient to establish causation. Because Dr. Ordon cannot prove this essential element of his legal malpractice claim, Karpie's motion for summary judgment [doc # 115] is GRANTED.

### FACTS

All of the material facts in this case are undisputed.[2] On February 16, 1999, after receiving a complaint from one of Dr. Ordon's former patients, the Connecticut Department of Health ("the Department") filed a statement of charges ("the Charges") against him with the CMEB.[3]

---

1. For example, California's reciprocal discipline statute provides that,

 For any licensee holding a license issued by a board under the jurisdiction of the [California Department of Consumer Affairs], a disciplinary action taken by another state, by any agency of the federal government, or by another country for any act substantially related to the practice regulated by the California license, may be a ground for disciplinary action by the respective state licensing board.

 Cal. Bus. & Prof.Code § 141(a).

2. Karpie filed a D. Conn. R. Civ. P. 56(a) Statement proposing 21 material facts that she argues warrant summary judgment, and Dr. Ordon did not respond. Thus, by operation of Local Rule 56, Karpie's proposed facts are deemed admitted.

3. Under Connecticut law, any individual may file a petition with the Department of Health if that person "has any information which appears to show that a physician is or may be

Dr. Ordon hired Karpie to represent him, and Karpie investigated the circumstances of the Charges and prepared to defend Dr. Ordon before the CMEB. During the CMEB proceedings, the Department offered to settle the Charges against Dr. Ordon. Karpie advised him to accept the Department's offer ("the Offer") and told him that if he did so, he would not be required to admit to any wrongdoing. The Offer required him to pay a $2,500 civil fine, but imposed no restrictions on his license to practice in Connecticut. Karpie told Dr. Ordon that accepting the Offer would have "essentially no import" on him or his practice in Connecticut or any other jurisdiction. Karpie explained the risks of proceeding to a decision in the CMEB hearing, including the uncertainty that the CMEB would render a favorable decision, and warned him that the expert witness the Department had retained, Dr. Armann Ciccarelli, produced a report critical of the care Dr. Ordon rendered to the patient.

Dr. Ordon relied on Karpie's representations and agreed to settle the Charges. The CMEB formally accepted a consent order that memorialized the settlement agreement on October 19, 1999. Thereafter, the medical-licensing boards in California and New York learned of the contents of the consent order and initiated proceedings against Dr. Ordon. Dr. Ordon was subsequently reprimanded by the California Board.[4] Because of the disciplinary proceedings and reprimand in California, Dr. Ordon experienced substantial delays in obtaining hospital privileges and malpractice insurance in California, which in turn delayed the opening of his new practice there. Dr. Ordon was also required to hire new counsel to defend the California action, and lost income because of the delay in commencing his medical practice in California.

## STANDARD

The court will grant summary judgment on a claim when the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a) & (b); *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment on a claim shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact. If there is any evidence in the record based upon any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party cannot obtain summary judgment. *See Celotex,* 477 U.S. at 330 n. 2, 106 S.Ct. 2548. "[T]he mere existence of some alleged factual dispute between the parties

---

unable to practice medicine with reasonable skill or safety..." Conn. Gen.Stat. § 20–13d(a). The Department then conducts an investigation, and if it is satisfied that there is probable cause that substandard care has been rendered, it may issue a "statement of charges" and institute proceedings before the CMEB. *See* Conn. Gen.Stat. § 20–13e. The CMEB is technically part of the Department, *see* Conn. Gen.Stat. § 20–8a, and its decision

may be appealed to the Superior Court. *See Pet v. Dep't of Health Servs.,* 228 Conn. 651, 654, 638 A.2d 6 (1994).

4. On November 7, 2000, the New York Board for Professional Medical Conduct Committee imposed discipline on Dr. Ordon; the determination was subsequently reversed on appeal.

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis omitted). Whether a fact is material depends on the substantive law of the claim and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505.

Summary judgment is proper against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *See id.* at 322–23, 106 S.Ct. 2548. In the absence of such evidence going to issues on which the nonmoving party bears the burden of proof, the moving party may simply point out the absence of evidence to support the nonmoving party's case. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.,* 164 F.3d 736, 742 (2d Cir.1998).

No material facts are in dispute in this case. The motion for summary judgment turns entirely on two legal questions—the nature of Dr. Ordon's claim and nature of the expert testimony that is required to establish causation in a legal malpractice claim.

## DISCUSSION

As noted, Karpie moves for summary judgment on the ground that Dr. Ordon cannot prove an essential element of his malpractice claim—that Karpie's alleged negligence caused damage to Dr. Ordon's surgical practice—because he has not designated an expert legal witness, as required by Connecticut law. Dr. Ordon maintains that such expert testimony is not required because he has not brought a legal malpractice claim, but a negligent infliction of emotional distress claim. But even if his claim is construed as one for legal malpractice, he may establish causation through the testimony of a medical expert rather a legal expert. The court concludes that even if Dr. Ordon could prove causation with a medical expert, his claim would nonetheless fail because he has not designated any expert, legal or medical, to testify that Karpie's alleged negligence caused the alleged harm.

### A. Dr. Ordon's Claims

Dr. Ordon insists that the language of his complaint and other submissions to the court "speaks to" negligent infliction of emotional distress. Karpie responds that there is no language in the complaint that states or even implies such a claim. The court agrees.

■ In support of his assertion, Dr. Ordon places an unreasonable construction on the plain language of the complaint. The complaint specifies only a "Count One" and a "Count Two" without identifying the claims asserted in either count. In count one, he states that, *inter alia,* (1) Karpie negligently failed to advise him that medical boards in other jurisdictions would learn of the contents of the consent order; (2) Karpie should have known other jurisdictions would commence disciplinary proceedings against him; and (3) the proceedings in other states have cost him money and restrained his efforts to begin a new practice in California. In count two, Dr. Ordon merely asserts that Karpie breached her contact to represent him. Contrary to Dr. Ordon's reading of these allegations, they do not assert a claim for negligent infliction of emotional distress.

Indeed, the complaint identifies the harm caused by Karpie's actions as damage to Dr. Ordon's surgical practice, not to his mental health. As Karpie points out, Dr. Ordon has himself referred to this suit as a "legal malpractice action" in his submissions to the court as recently as April 14, 2005.[5] The court finds Dr. Ordon's characterization of this case in April much more accurate than his current characterization of it.

■ Moreover, as Karpie correctly asserts, where a claim for attorney malpractice is couched as a claim for breach of contract, it must be treated as a tort claim for malpractice. *See Alexandru v. Strong*, 81 Conn.App. 68, 79, 837 A.2d 875 (Conn. App.2004) (explaining that although a plaintiff may bring against an attorney an action sounding in both negligence and contract, he cannot bring an action in both negligence and contract merely by couching a claim that the defendant has breached a standard of care in the language of contract). Accordingly, the court construes Dr. Ordon's complaint as asserting a single claim for legal malpractice and as such Dr. Ordon must prove his case through the "case-within-a-case" method. *See Margolin v. Kleban & Samor, P.C.*, 275 Conn. 765, 775 n. 9, 882 A.2d 653 (2005); *see also Rubens v. Mason*, 387 F.3d 183, 190 (2d Cir.2004) (a "malpractice judge or jury must decide a 'case within a case' and determine what the result [of the underlying action] would have been absent the alleged malpractice.").

### B. *The Causation Prong of a Legal Malpractice Claim*

Dr. Ordon contends that, even if the court construes the complaint as asserting a claim for legal malpractice, he can establish the required element of causation through the testimony of a medical expert. However, the court does not need to reach that issue because Dr. Ordon has not submitted the testimony of either a legal or medical expert that would be sufficient to defeat Karpie's motion for summary judgment.

■ To prevail on a legal malpractice claim under Connecticut law, Dr. Ordon must establish (1) the existence of an attorney-client relationship, (2) Karpie's wrongful act or omission, (3) causation, and (4) damages. *See Margolin*, 275 Conn. at 774, 882 A.2d 653. As this court made clear in *Weaver v. Apuzzo*, No. 3:02cv1328 (AHN), 2005 WL 752212, 2005 U.S. Dist. LEXIS 5303 (D.Conn. Mar. 30, 2005), a "plaintiff alleging attorney malpractice must establish through expert testimony that the attorney's conduct 'legally caused' his claimed injury." *Id.* at 2005 WL 752212, *5, 2005 U.S. Dist. LEXIS 5303, *13; *see also DiStefano v. Milardo*, 82 Conn.App. 838, 842, 847 A.2d 1034 (Conn.App.2004).

Legal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. *See Dubreuil v. Witt*, 80 Conn.App. 410, 428, 835 A.2d 477 (Conn.App.2003). The first component of legal cause is causation in fact. Causation in fact is the purest legal application of legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. *See id.*

The second component of legal cause is proximate cause, which is an actual cause that is a substantial factor in the resulting harm. *See Label Sys. Corp. v. Aghamohammadi*, 270 Conn. 291, 321, 852 A.2d 703 (2004). Thus, in the formulation of the Connecticut Supreme Court, Dr. Ordon

---

**5.** *See* Pl.'s Mem. Supp. Mot'n Recon. [doc # 114], at 1 ("Statement of the Case: This is a legal malpractice action brought by Dr. An-

drew Ordon, a plastic surgeon, against his former counsel Attorney Karen Karpie and Murphy and Karpie, LLC.").

must demonstrate that Karpie's breach of the standard of professional care was a substantial factor in causing the harm to Dr. Ordon's practice, and whether that harm to his practice was of the same general nature as the foreseeable risk created by Karpie's alleged negligence. *See id.*

 The immediate harm to Dr. Ordon's practice was caused by the disciplinary action of the California Board, and thus Dr. Ordon can only demonstrate that Karpie proximately caused his damages by showing that her negligent advice was a substantial factor in the California Board reprimanding him. Counsel agreed at oral argument that once the Department filed the Charges against Dr. Ordon, he could only avoid the possibility of reciprocal discipline in another jurisdiction if he prevailed before the CMEB. Thus, to prove that Karpie's negligence was the proximate cause of his injuries, Dr. Ordon must show that he would have prevailed in the CMEB hearing, and he must do so through the testimony of an expert witness. *See DiStefano,* 82 Conn.App. at 842, 847 A.2d 1034.

Dr. Ordon disclosed attorney Leslie Levin ("Levin") in an attempt to satisfy this burden. Although Levin stated in her report that Karpie had departed from the professional standard of care in representing Dr. Ordon before the CMEB, she did not opine that Karpie had legally caused Dr. Ordon's injuries. On cross-examination at her deposition, Levin acknowledged that she had never represented a physician

in a disciplinary hearing or a medical malpractice action, and that she had "no way of knowing" if Dr. Ordon would have prevailed before the CMEB. Thus, Dr. Ordon's only disclosed legal expert cannot testify to the essential element of causation.

Dr. Ordon, however, insists that he may demonstrate causation through a medical expert. While his counsel represented at oral argument that Dr. Ordon has disclosed medical experts who can testify to the element of causation, his submissions to the court on this motion for summary judgment do not support that assertion. Indeed, none of the expert witnesses that Dr. Ordon has designated have testified that Dr. Ordon would have been successful if he had proceeded to a full CMEB hearing. Without such testimony he cannot establish that Karpie's negligent advice was the legal cause of the alleged damage to his new practice in California.

The two "expert reports" Dr. Ordon submits in opposition to summary judgment that could plausibly have some bearing on the issue of causation consist of a letter from Terry V. Eagen, M.D. ("Dr.Eagen"), which merely states that "the stress of [Dr. Ordon's] legal matters, legal malpractice concerns, etc.—all played a significant role in his depression...." (Pl.'s Mem. Opp. Summ. J., Ex. 1), and the deposition testimony of Roy S. Winston, M.D. ("Dr.Winston"), who said that, in his opinion, "the results from the Connecticut action [ ] devastated [Dr. Ordon's] career." (*Id.* at Ex. 8.) [6]

---

6. Even if Dr. Eagen's letter and Dr. Winston's deposition testimony supported Dr. Ordon's claim that Karpie's breach of the standard of professional care was the proximate or legal cause of Dr. Ordon's damages, it is highly doubtful that either document could defeat Karpie's motion for summary judgment. The Second Circuit has held that unsworn letters from physicians, such as Dr. Eagen's letter, are generally inadmissible hearsay that are an insufficient basis for opposing a motion for

summary judgment. *See Capobianco v. City of New York,* 422 F.3d 47, 55 (2d Cir.2005); *see also* 11 Moore's Federal Practice—Civil § 56.14[i] ("there is seldom any legitimate excuse for a nonmovant's failure to present the expert material in proper affidavit form since this can be shaped to meet the needs of the nonmovant."). Moreover, opinions of an expert must be in a form competent to be considered, including an indication of the ex-

These declarations are insufficient to establish causation. Neither statement supports Dr. Ordon's contention that Karpie's alleged breach of the standard of care, as opposed to the CMEB proceedings in general or the discipline imposed by the Connecticut licensing authority, was the proximate cause of his damages. Neither Dr. Eagen's letter nor Dr. Winston's deposition testimony even mentions, let alone provides any opinion about whether Dr. Ordon would have prevailed before the CMEB. Thus, because Dr. Ordon has failed to submit testimony from *any* expert that would establish the essential element of causation in his legal malpractice action, his claim against the Defendants must fail.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment [doc #115] is GRANTED. The clerk is directed to enter judgment for the Defendants and close this case.

pert's competency. *See id.* Neither Dr. Eagen's letter nor Dr. Winston's testimony presents any indication that either of them is familiar with CMEB proceedings, and thus it is highly unlikely that either of them could qualify as an expert witness on the issue of causation. *See* Fed.R.Evid. 702.