**Andrew ORDON, M.D., Plaintiff**

**v.**

**Karen L. KARPIE; Murphy & Karpie, LLC, Defendants.**

**Civ. No. 3:01cv1951(AHN).**

United States District Court, D. Connecticut.

June 9, 2006.

Philip M. French, Stamford, CT, for Plaintiff.

Kevin M. Godbout, Michael D. Neubert, Neubert, Pepe & Monteith, New Haven, CT, for Defendants.

## RULING ON MOTION FOR RECONSIDERATION

ALAN H. NEVAS, District Judge.

The plaintiff, Andrew Ordon, M.D. ("Dr. Ordon"), brought this action against his former attorney, Karen Karpie ("Karpie"), and the law firm in which she is a partner, Murphy & Karpie (collectively "the Defendants"), alleging that Karpie negligently failed to inform him that if he settled a complaint against him before the Connecticut Medical Examining Board ("CMEB"), he might still be subject to reciprocal discipline by the medical boards of other jurisdictions. On March 31, 2006, the court granted the Defendants' motion for sum-

mary judgment, concluding that Dr. Ordon had pleaded a claim for legal malpractice and that he had failed to disclose expert testimony sufficient to establish the element of causation for that claim.[1] *See Ordon v. Karpie*, 425 F.Supp.2d 276 (D.Conn.2006). Dr. Ordon now moves the court to reconsider its ruling on the motion for summary judgment ("the Ruling"). For the following reasons, the motion [doc # 127] is GRANTED in part and DENIED in part.

To the extent that Dr. Ordon contends that the court overlooked a claim of misrepresentation that he asserted in the complaint and Dr. Ordon's proffered testimony as an expert in his own behalf, the court GRANTS the motion to reconsider. Upon reconsideration, the court adheres to its previous ruling. The remainder of the motion for reconsideration is DENIED. Dr. Ordon has not advanced any newly-decided law or newly-discovered evidence or controlling decisions that the court overlooked, but merely attempts to plug gaps in his original response to the Defendants' motion for summary judgment with arguments he could have raised in his briefs or at oral argument.

### STANDARD OF REVIEW

Reconsideration is only appropriate where the moving party can point to controlling law or evidence that might reasonably be expected to alter the conclusion reached by the court. *See Victor G. Reiling Assocs. v. Fisher–Price, Inc.*, 409 F.Supp.2d 112, 115 (D.Conn.2006). The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected

1. The factual and procedural background to Dr. Ordon's claim is reviewed in the court's ruling on the motion for summary judgment [doc # 125] and will not be repeated herein.

to alter the conclusion reached by the court. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir.1995).

■ The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters. *See LoSacco v. City of Middletown*, 822 F.Supp. 870, 877 (D.Conn.1993). Thus, a motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the motion for which reconsideration is sought. *See id.*

### DISCUSSION

In his motion for reconsideration, Dr. Ordon raises a number of objections to the court's March 31, 2006 Ruling granting the Defendants' motion for summary judgment. First, he insists that the court "radically narrowed" the scope of his claims in rejecting the argument that his complaint includes a cause of action for negligent infliction of emotional distress. He now asserts, for the first time, that his complaint states yet another claim—negligent misrepresentation. Dr. Ordon also challenges the court's analysis of his legal malpractice claim. He contends that the court erred in concluding that (1) Dr. Ordon must prove his legal malpractice claim through the case-within-a-case method; and (2) Dr. Ordon has not presented the admissible testimony of either a medical or legal expert to establish causation. Specif-ically, Dr. Ordon contends that his own deposition testimony predicting that he would have prevailed before the CMEB was sufficient to establish causation for the purpose of defeating the motion for summary judgment.

Much of Dr. Ordon's attack on the court's Ruling is nothing but a thinly-veiled attempt to relitigate issues that the court has already decided. The parties fully briefed the questions of whether Dr. Ordon brought a claim for negligent infliction of emotional distress and the requirements for showing causation for a legal malpractice claim.[2] Dr. Ordon cites no intervening change in the case law that would provide the court grounds to reconsider its Ruling. He simply disagrees with the court's construction of his complaint and conclusions of law, and these are not bases for reconsideration.

However, Dr. Ordon does contend that the court has overlooked two important arguments—that his complaint states a claim for negligent misrepresentation and that his own deposition testimony is sufficient to provide the expert testimony necessary to avoid summary judgment. These issues were not raised in the initial briefing or at oral argument on the motion for summary judgment but are of sufficient importance to warrant reconsideration by the court. But, upon reconsideration, the court adheres to its conclusions that Dr. Ordon's complaint alleges only a claim for legal malpractice and that Dr. Ordon's testimony is not sufficient to constitute the expert testimony that is re-

---

**2.** Dr. Ordon contends that the court's "largely independent analysis of the [c]omplaint" presents " 'surprise' issues" that "should be reconsidered and redetermined on a more complete record...." This assertion grossly distorts the procedural history of this case. The precise claims Dr. Ordon asserted in his complaint by no means constitute a "surprise issue." On the contrary, the parties extensively briefed the question of whether Dr. Ordon brought a claim for negligent infliction of emotional distress. *See* Def.'s Mem. Supp. Summ. J. [doc # 115] at 10; Pl.'s Mem. Opp'n Summ. J. [doc # 119] at 6–13; Def.'s Reply Supp. Summ. J. [doc # 121] at 2.

quired to defeat the Defendants' motion for summary judgment.

## I. *Construction of Dr. Ordon's Complaint*

In granting the Defendants' motion for summary judgment, the court determined that despite Dr. Ordon's characterization of his claim as one for negligent infliction of emotional distress, his factual allegations constituted a claim sounding in legal malpractice. Dr. Ordon now contends that this court "misunderstood the history of this case and misconstrued the scope of [his] pleadings." He asserts that this court not only ignored his negligent infliction of emotional distress claim, but also failed to recognize that he had also asserted an additional claim of negligent misrepresentation. The court finds this argument meritless.

■ The factual allegations supporting this negligent misrepresentation claim essentially mirror those that the court previously construed as asserting a legal malpractice claim. Regardless of the labels Dr. Ordon attaches to his factual allegations, they still arise out of and involve the duty of care that an attorney owes to her client in the course of her legal representation of him. As such, no matter what tag the pleader puts on his claim, he must have expert testimony to establish the standard of care, the breach of the standard of care, and causation of his damages. *See Cooke v. Williams & Pattis*, 3:99cv2223 (WWE), 2002 WL 32509019, at *4–5, 2002 U.S. Dist. LEXIS 27412, at *10–11 (D.Conn. Aug. 27, 2002)(requiring that negligent misrepresentation claim

arising out of legal representation of the plaintiff satisfy the same standards for expert testimony as a legal malpractice claim would require). Because Dr. Ordon has not identified an expert witness to provide this required testimony—no matter how it is characterized—his claim fails as a matter of law.

## II. *Expert Testimony*

In its March 31, 2006 Ruling, the court did not reach the question of whether Dr. Ordon must establish the element of causation with a legal or medical expert, but held that he had failed to disclose any expert who would have testified that Dr. Ordon would have prevailed before the CMEB. Dr. Ordon now contends that the court did not consider the argument that he may serve as his own expert witness on the issue of causation. He observes that he submitted as an exhibit to his opposition brief on the motion for summary judgment a copy of his February 5, 2003 deposition, in which he states his belief that he would have prevailed in a "full-blown hearing on the merits" before the CMEB. Dr. Ordon insists that this testimony is sufficient to defeat the Defendants' motion for summary judgment. The court disagrees.

■ Dr. Ordon's deposition testimony that purports to qualify him as an expert on the issue of causation is insufficient to defeat the motion for summary judgment because he cannot serve as an expert witness in support of his own claim under Fed.R.Evid. 403.[3] *See Kranis v. Scott*, 178 F.Supp.2d 330 (E.D.N.Y.2002). The court in *Kranis* rejected a similar argument from a plaintiff, a disbarred attorney act-

---

**3.** As with Dr. Winston's deposition testimony, *see Ordon*, 425 F.Supp.2d at 281 n. 6, it is questionable whether Dr. Ordon's opinion on the issue of causation has been presented to the court in the proper form for consideration on a motion for summary judgment. *See* 11 Moore's Federal Practice—Civil § 56.14[i] ("there is seldom any legitimate excuse for a nonmovant's failure to present the expert material in proper affidavit form since this can be shaped to meet the needs of the nonmovant.").

ing *pro se*, who sought to serve as his own expert witness in a legal malpractice action. In that case, the court observed that even if the plaintiff were not disbarred and could testify on the issue of malpractice, the plaintiff's "testimony as an expert would be far more prejudicial than probative" because the plaintiff "has been personally involved at every level of the instant action and his role as past defendant, current plaintiff, attorney and expert witness would be unfairly prejudicial, misleading and confusing to the jury." *See id.* at 333–34. The court thus determined that the plaintiff's testimony as a proposed expert on his own behalf would be inadmissible under Fed.R.Evid. 403. *See id.*

Dr. Ordon's desire to serve as his own expert witness presents a similar situation to that in *Kranis.* Although Dr. Ordon is not acting *pro se* and thus would not be combining the role of expert and advocate in the courtroom, he is nonetheless too intertwined with the facts of this case as the defendant in the underlying CMEB action and the plaintiff in this legal malpractice action. As the court previously explained, Dr. Ordon can only show that Karpie caused his damages by demonstrating that he would have prevailed at the CMEB hearing. Dr. Ordon's proposed testimony about the outcome of a CMEB hearing to which he was a party simply would not "assist the trier of fact to understand the evidence or to determine a fact in issue," as Fed.R.Evid. 702 requires.[4] Moreover, as in *Kranis,* any expert testimony of Dr. Ordon, who is both a plaintiff in the instant action and a defendant in the underlying action, would be more prejudicial than probative because of the difficulty

of separating Dr. Ordon's lay testimony about why he approached the surgery as he did from his expert testimony about what a competent professional would have done in the same circumstances. *See* Fed. R.Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

Thus, Dr. Ordon's proposed expert testimony on the issue of causation would not be admissible and cannot create a genuine issue of material fact that would defeat the Defendants' motion for summary judgment. The court properly determined in its Ruling that Dr. Ordon has not submitted expert testimony to establish the element of causation in a legal malpractice action, as required under Connecticut law.

## CONCLUSION

For the foregoing reasons, Dr. Ordon's motion for reconsideration [doc # 127] is GRANTED in part and DENIED in part. The court adheres entirely to its order of summary judgment for the Defendants. The clerk is directed to enter judgment for the Defendants and close this case.

---

4. Nor does Dr. Ordon's testimony appear to establish the basis for the deponent's claimed familiarity with the proceedings of the CMEB, a prerequisite for his qualification as an expert witness on the issue of causation. In fact, Dr. Ordon's allegation that he deferred to the advice of his attorney and settled the charges against him for a fine even though he thought the CMEB would have exonerated him casts doubt on Dr. Ordon's confidence in his own ability to predict the outcome of such a hearing.